**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ascencion HERNANDEZ-JIMENEZ,**
**Defendant-Appellant.**

No. 16-50087

United States Court of Appeals,
Ninth Circuit.

Submitted November 15, 2017 *

Filed November 17, 2017

Colin M. McDonald, Assistant U.S. Attorney, US Department of Justice, Southern District of California, San Diego, CA, Karla Davis, Assistant U.S. Attorney, Helen H. Hong, Assistant U.S. Attorney, Office of the US Attorney, San Diego, CA, for Plaintiff-Appellee

Benjamin P. Lechman, Esquire, Attorney, Lechman & Lechman, San Diego, CA, for Defendant-Appellant

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CANBY, TROTT, and GRABER, Circuit Judges.

### MEMORANDUM **

Ascension Hernandez-Jimenez challenges the 30-month sentence imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hernandez-Jimenez contends that the district court erred by relying on his prior conviction under California Penal Code § 288(a) to impose a 16-level enhancement to his base offense level. We have previously held that a conviction under § 288(a) constitutes "sexual abuse of a minor," which is a "crime of violence" that warrants a 16-level enhancement under U.S.S.G. § 2L1.2. *See United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009). We cannot disregard that precedent unless it is "clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003) (en banc).

Hernandez-Jimenez contends that recent California case law reflects that § 288(a) is broader than the federal definition because a defendant can be found guilty under § 288(a) even if the victim suffered no harm. Even if the California cases cited by Hernandez-Jimenez are "higher authority," they are not inconsistent with federal law, which holds that, regardless of harm, "sexual conduct involving [children younger than fourteen years old] is per se abusive." *United States v. Farmer*, 627 F.3d 416, 419 (9th Cir. 2010).

Nor is our precedent clearly irreconcilable with *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) or *Moncrieffe v. Holder*, 569 U.S. 184, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013). Since both decisions, we have recognized the continuing force of *Medina-Villa*. *See United States v. Rocha-Alvarado*, 843 F.3d 802, 808 (9th Cir. 2016), *cert. denied*, —— U.S. ——, 137 S.Ct. 2214, 198 L.Ed.2d 661 (2017).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).